**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL D. MCCAIN, SR., <br>      Plaintiff, | Case No. 1:19-cv-234 |
| | Black, J. |
| vs | Bowman, M.J. |
| WARDEN JACKSON, et al., <br>      Defendants. | **ORDER AND REPORT** <br> **AND RECOMMENDATION** |

On March 29, 2019, plaintiff, currently incarcerated at the Ross Correctional Institution (RCI), commenced this pro se action against various Warren Correctional Institution (WCI) employees and Ohio Department of Rehabilitation and Correction (ODRC) employees. (Doc. 1). Plaintiff alleged that the defendants violated his rights while he was incarcerated at WCI. (Doc. 6). Plaintiff also filed a motion for preliminary injunction. (Doc. 2). On April 22, 2019, plaintiff filed a supplemental amended complaint. (Doc. 4).

On May 10, 2019, the undersigned issued an Order granting plaintiff leave to proceed *in forma pauperis*. (Doc. 5). On the same date, the undersigned issued an Order and Report and Recommendation, concluding that, at this stage of the proceedings, without the benefit of briefing by the parties, plaintiff's First Amendment retaliation claim could proceed against defendant Little, one of the WCI employees named in the complaint. (Doc. 7, at PageID 120). It was recommended, however, that plaintiff's remaining claims be dismissed for failure to state a claim upon which relief could be granted and that his motion for preliminary injunction (Doc. 2) be denied. (Doc. 7, at PageID 120). Because plaintiff had not provided required service documents to the Court, the undersigned also ordered plaintiff to do so within thirty (30) days of the date of the Order and Report and Recommendation. (Doc. 7, at PageID 120). The Order and Report and Recommendation is currently pending before the District Court.

On June 25, 2019, the Court issued a Deficiency Order granting plaintiff an additional

thirty (30) days to comply with the Court's order to provide service documents. (Doc. 9, at PageID 127-28). Plaintiff has now provided the required summons and United States Marshal form.

On July 12, 2019, plaintiff filed an amended complaint. (Doc. 11). Because plaintiff has already filed a supplemental amended complaint (Doc. 4), he may no longer amend his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). (*See also* Doc. 9, at PageID 128, advising plaintiff that any additional amendments to his complaint would require leave of court). Accordingly, the Court construes plaintiff's amended complaint (Doc. 11) as a motion to amend and a proposed amended complaint.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires." In accordance with the liberal amendment standard in Rule 15, plaintiff's construed motion to amend (Doc. 11) is **GRANTED**. Plaintiff's amended complaint (Doc. 11) supersedes plaintiff's previous complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013); *see also Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009).

The Court will now proceed *sua sponte* to review the amended complaint (Doc. 11) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Plaintiff's Amended Complaint

Although plaintiff's operative, amended complaint (Doc. 11) is similar to his previous complaint, the amended complaint contains allegations against defendant Berchell, which the

previous complaint did not. (*See* Doc. 7, at PageID 112-13). Further, the amended complaint no longer contains allegations against defendants Hoover and the ODRC Director. Additional differences between plaintiff's operative, amended complaint and his previous complaint are set forth below as relevant to the Court's analysis.

    i.  **New Allegations against Defendant Berchell**

Plaintiff alleges that on January 5, 2019, he notified defendant Berchell that plaintiff had a January 17, 2019 filing deadline in the federal courts. (Doc. 11, at PageID 150). Plaintiff claims, however, that Berchell only provided plaintiff with four library passes, which amounted to two and a half hours in the prison law library. (Doc. 11, at PageID 150). Plaintiff claims that he missed his January 17, 2019 filing deadline. (Doc. 11, at PageID 150). Plaintiff also alleges that he tried to file a grievance on this issue, but that defendant Agee failed to provide plaintiff access to the grievance procedure. (Doc. 11, at PageID 150). Further, plaintiff alleges that his legal mail was withheld between January 18, 2019, and April 21, 2019. (Doc. 11, at PageID 150).

    ii.  **Remaining Allegations**

Plaintiff alleges that on January 18, 2019, defendant Little, a supervisor at WCI, issued plaintiff a false conduct report for violating ODRC Rules 16 and 18.[1] (Doc. 11, at PageID 150-52). Plaintiff claims that Little issued the conduct report in retaliation for plaintiff encouraging another inmate ("Inmate Maxy") to file a grievance and to discourage other inmates from using the grievance procedure. (Doc. 11, at PageID 151).[2] Plaintiff asserts that

---

[1] Rule 16 governs: "Engaging in or encouraging a group demonstration or work stoppage." Ohio Rev. Code § 5120-9-06(16). Rule 18 governs: "Encouraging or creating a disturbance." Ohio Rev. Code § 5120-9-06(18).

[2] To the extent that plaintiff seeks to bring this lawsuit on behalf of any other inmates, he may not do so. *See* 28 U.S.C. § 1654; *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (finding that § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves.").

he was placed in disciplinary segregation at WCI. (Doc. Doc. 11, at PageID 151-52).

Plaintiff alleges that on January 20, 2019, he sent kites to defendants Jackson, Kraft, Lunecke, and Crosby to find out why he was in disciplinary segregation. (Doc. 11, at PageID 153). Plaintiff alleges that at the same time he also sent a kite to defendant Vance, who later claimed that he never received the kite. (Doc. 11, at PageID 153).

Plaintiff alleges that on January 22, 2019, defendant Ewen read plaintiff the conduct report and asked him what witnesses he wanted to call, but did not explain to plaintiff the seriousness of the charges or allow plaintiff to explain his side of the story. (Doc. 11, at PageID 152). Defendant Kraft later directed defendant Ewen to send the conduct violation to the Serious Misconduct Panel (SMP). (*See* Doc. 11, at PageID 154). Plaintiff alleges that defendants Allen, Tabler[3] and Kraft, who apparently comprised the SMP, allowed the disciplinary hearing to go forward even though they knew the hearing was being held four days out-of-time. (Doc. 11, at PageID 155). Plaintiff also alleges that these defendants ignored plaintiff's evidence, which included testimony from inmate Maxy, and found plaintiff guilty. (Doc. 11, at PageID 155-56).

Plaintiff alleges that on March 29, 2019, "legal services" remanded his disciplinary matter for a new hearing before the Rules Infraction Board (R.I.B.). (*See* Doc. 11, at PageID 157-58).[4] Plaintiff alleges that the charges were written in a new conduct report, and the R.I.B. hearing was held on April 11, 2019, without sufficient notice. (Doc. 11, at PageID 158-59). Plaintiff further alleges that defendant Gault told him that he was not going to beat the disciplinary ticket because it was an inmate's word against a Lieutenant's word. (Doc. 11, at

---

[3]As noted in the Court's May 10, 2019 Order and Report and Recommendation, plaintiff has variously referred in these proceedings to this defendant as "Tabler" and "Taber." (Doc. 7, at PageID 106 n.4).
[4]*See also* Plaintiff's supplemental amended complaint (Doc. 4, at Page ID 69), alleging that the matter was remanded for a new hearing before the R.I.B.

4

PageID 158).  Plaintiff alleges that during the hearing defendant Gerrison and defendant unknown R.I.B. Secretary refused to read the incident report and ignored the evidence.  (Doc. 11, at PageID 158).  Further, defendant Gerrison allegedly intimidated inmate Maxy into changing his testimony.  (Doc. 11, at PageID 158-59).  Plaintiff was again found guilty of the conduct violation.  (Doc. 11, at PageID 159).  According to plaintiff, he spent four months in disciplinary segregation.  (Doc. 11, at PageID 153).

Plaintiff also claims that defendant Gault told plaintiff's cellmate that: "McCain thought he was going to get away [sic] because legal services reversed the first conduct report, but we still got his ass" and "[McCain] better be [sic] he only got a lateral transfer."  (Doc. 11, at PageID 159).

Plaintiff seeks monetary and declaratory relief.  (Doc. 11, at PageID 2161).

**C.  Analysis**

As the undersigned found in the May 10, 2019 Order and Report and Recommendation (Doc. 7), plaintiff may proceed at this juncture with his First Amendment retaliation claim against defendant Little.  For the reasons stated below, plaintiff's remaining claims should be dismissed.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, because plaintiff's amended complaint contains no allegations against defendants Hoover or the ODRC Director, these defendants should be dismissed.  *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (finding that defendant's personal involvement is a necessary element in a § 1983 claim) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976)).

Next, plaintiff has failed to state a plausible due process claim against any of the remaining defendants.  To the extent that plaintiff alleges that defendant Little filed a false

5

conduct report against plaintiff, the filing of a false conduct report does not implicate the Due Process Clause. *See Person v. Campbell*, No. 98-5638, 1999 WL 454819, at *1 (6th Cir. 1999); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (finding "a prisoner has no constitutionally protected immunity from being wrongly accused").

Further, a prison disciplinary proceeding does not give rise to a constitutionally protected liberty interest protected by the Due Process Clause unless the imposed discipline results in a withdrawal of good time credits or constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). The prison discipline that plaintiff alleges he received—time in segregation—does not constitute an "atypical and significant hardship" in relation to the ordinary course of prison life. *See Powell v. Washington*, 720 F. App'x 222, 226 (6th Cir. 2017) (six months in administrative segregation does not constitute an "atypical and significant" hardship implicating an inmate's due process rights); *see also Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. Feb. 29, 2012) (270 days in disciplinary segregation did not impose "atypical and significant hardship").[5] Nor has plaintiff stated a claim for relief with respect his transfer. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (finding that an inmate does not have a constitutional right to be placed in any particular prison).

---

[5]Plaintiff's previous complaint also contained allegations that, as a result of the conduct violation, his security classification was temporarily increased and he was placed in a cell with an alleged mental health patient. Although these allegations do not appear in the amended complaint (Doc. 11), the Court addressed them in the May 10, 2019 Order and Report and Recommendation. For the reasons stated therein, these allegations failed to state a due process claim. (Doc. 7, at PageID 113, 115). Plaintiff's allegations in his previous complaint that the allegedly false conduct report could affect his parole eligibility similarly failed to state a due process claim. Plaintiff does not have a constitutionally protected interest in being released on parole. (Doc. 7, at PageID 114). As the Court also noted, to the extent that plaintiff seeks to have his disciplinary conviction removed from his record, such a claim is not cognizable under § 1983. *Hargrove v. Scott*, No. 1:05-cv-381, No. 2005 WL 1318858, at *3 (S.D. Ohio June 2, 2005) ("A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction.") (citing *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000)).

Plaintiff has also failed to state a claim relating to the processing of his disciplinary appeal.  There is no constitutional right to appeal from a disciplinary decision.  *See Dentigance v. Ebelin*, No. 2:06-cv-00486, 2008 WL 618789, at *5 (S.D. Ohio Mar. 3, 2008) (citing *Chance v. Compton*, 873 F. Supp. 82, 86 (W.D. Tenn. 1994)); *see also Boles v. Weist*, No. 87-1862, 1988 WL 58866, at *1 (6th Cir. June 10, 1988) ("Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction").

Nor has plaintiff stated a plausible due process claim to the extent that he alleges that defendants violated ODRC rules and procedures.  Section 1983 addresses deprivations of rights "secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) ("A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law.").

Plaintiff's claim against defendant Agee for allegedly interfering with the grievance process fails to state a claim upon which relief may be granted.  "Prison inmates do not have a constitutionally protected right to a grievance procedure."  *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted).

Likewise, plaintiff has failed to state a claim to the extent that he alleges that defendants Jackson, Kraft, Lunecke, Crosby, Ewen, Vance, Allen, Tabler, unknown R.I.B. Secretary, or the "legal services" defendants failed to take corrective action after they were notified of plaintiff's concerns regarding the conduct violation.  Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983.  *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of

"encouragement" that would make the official liable for such misconduct. *Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).[6]

To the extent that plaintiff seeks to hold any of these defendants liable in a supervisory capacity, it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id*. (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). *See also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, plaintiff must show the officials "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, in the absence of any such allegations, any claim that these defendants failed to take corrective action is simply insufficient to give rise to actionable § 1983 claim.

Further, to the extent that plaintiff asserts that defendants conspired to keep plaintiff in segregation, his allegations are insufficient to support a conspiracy claim. "Liability attaches for a civil conspiracy when a plaintiff can prove that two or more defendants agreed to injure

---

[6]It appears that plaintiff is no longer alleging that any defendant failed to take corrective action based on comments that plaintiff made at orientation. However, the Court addressed those allegations in the May 10, 2019 Order and Report and Recommendation. For the reasons stated therein, those allegations failed to state a retaliation claim. (Doc. 7, at PageID 116-18). Nor has plaintiff alleged any facts from which this Court can infer the essential elements of a retaliation claim against defendants Jackson, Kraft, Lunecke, Crosby, Ewen, Vance, Allen, Tabler, unknown R.I.B. Secretary, or the "legal services" defendants. *See Whiteside v. Collins*, No. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (noting that conclusory allegations of retaliation are insufficient to state a retaliation claim).

another by unlawful action and committed an over act in furtherance of the conspiracy." *Michigan Paytel Joint Venture v. City of* Detroit, 287 F.3d 527, 541 (6th Cir. 2002). Conspiracy claims must be pled with some degree of specificity. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Vague and conclusory allegations, such as those alleged by plaintiff, unsupported by material facts will not be sufficient to state such a claim under § 1983. *Id.*

The amended complaint also fails to state a claim for relief against defendant Burchell or any other defendant for a denial of access to the courts under the First Amendment. Plaintiff alleges that defendant Burchell denied him access to the courts by withholding his legal mail and limiting his access to the prison law library. However, an inmate must plead and demonstrate that the lack of legal materials or the shortcomings in the prison legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). In addition, when bringing a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he predicate claim (must) be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* In other words, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405-406 (6th Cir. 1999) (citing *Lewis*, 518 U.S.

9

at 353 & n. 3).

Plaintiff fails to allege any facts showing that he suffered an actual injury in any nonfrivolous legal proceeding as a result of the alleged inadequacies of the law library facilities at WCI or due to mail restrictions. Although plaintiff alleges that he missed a "deadline to fil[e] his Collateral Appeal to the Federal Court," (Doc. 11, at PageID 150), plaintiff has not alleged any facts to suggest that defendant Burchell's or any defendant's conduct impacted a nonfrivolous cause of action. Without such allegations, plaintiff fails to state a claim for relief for a denial of access to the courts under the First Amendment.

Accordingly, in sum, plaintiff's First Amendment retaliation claim may proceed at this juncture against defendant Little. Plaintiff's remaining claims should be **DISMISSED with prejudice**. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **ADOPT in its entirety** the May 10, 2019 Order and Report and Recommendation (Doc. 7) as to the previous complaint and plaintiff's motion for preliminary injunction.

2. Plaintiff's amended complaint (Doc. 11), with the exception of his First Amendment retaliation claim against defendant Little, be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

3. For the reasons stated in the May 10, 2019 Order and Report and Recommendation (Doc. 7), plaintiff's Motion for a Preliminary Injunction (Doc. 2) be **DENIED.**

4. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's construed motion to amend his complaint (Doc. 11) is **GRANTED**.

2. The United States Marshal shall serve a copy of the amended complaint (Doc. 11), summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Little.

3. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MICHAEL D. MCCAIN, SR.,
    Plaintiff,

vs

WARDEN JACKSON, et al.,
    Defendants.

Case No. 1:19-cv-234

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).