# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MICHAEL D. MCCAIN,

    Plaintiff,

vs.

WARDEN JACKSON, *et al.*,

    Defendants.

Case No. 1:19-cv-234

Judge Timothy S. Black
Magistrate Judge Stephanie K. Bowman

## DECISION AND ENTRY
## ADOPTING THE REPORTS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE (Docs. 7, 12)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Plaintiff, a *pro se* inmate at the Ross Correctional Institution, brings this action against several Warren Correctional Institution employees and Ohio Department of Rehabilitation employees. The Magistrate Judge entered a Report and Recommendation on May 10, 2019 recommending (1) that the Court dismiss Plaintiff's complaint with the exception of Plaintiff's first amended retaliation claim against Defendant Little, and (2) deny Plaintiff's motion for preliminary injunction (Doc. 2). (Doc. 7). On July 12, 2019, Plaintiff filed objections to the Report and Recommendation (Doc. 10) and also filed an amended complaint (Doc. 11). On August 5, 2019, the Magistrate Judge issued a second Order and Report and Recommendation granting Plaintiff leave to amend his complaint and again recommending that the Court dismiss the amended complaint with the exception of

Plaintiff's retaliation claim against Defendant Little. (Doc. 12). Plaintiff filed objections to the second Report and Recommendation on September 19, 2019. (Doc. 19).

I. First Report and Recommendation (Doc. 7)

The Court adopts the Magistrate Judge's First Report and Recommendation (Doc. 7) to the extent it recommends denial of Plaintiff's motion for preliminary injunction. Plaintiff's motion for preliminary injunction reasserts the allegations in his original complaint and seeks an order expunging the conduct report from his prison record. (Doc. 2). The Court agrees with the Magistrate Judge's reasoning that Plaintiff failed to demonstrate a substantial likelihood of success on the merits of his constitutional claims, or that he would suffer irreparable harm without a preliminary injunction. In addition, the Court agrees that the affirmative relief sought—expungement of his conduct report— would go beyond preserving the status quo, providing affirmative relief before judgment on the merits. The Plaintiff's objections to the Report and Recommendation do not specifically address the Magistrate Judge's recommendation to deny Plaintiff's motion for preliminary injunction. (*See* Doc. 10). Accordingly, Plaintiff's motion for preliminary injunction (Doc. 2) is denied.

II. Second Report and Recommendation (Doc. 12)

The Magistrate Judge's second Order and Report and Recommendation granted Plaintiff leave to file his amended complaint and proceeded to thoroughly analyze Plaintiff's amended complaint (Doc. 11), ultimately recommending dismissal of the amended complaint with the exception of Plaintiff's First Amendment retaliation claim

against Defendant Little. (Doc. 12). Plaintiff filed objections to the second Report and Recommendation. (Doc. 19).

Plaintiff first objects generally to the second Report and Recommendation, asserting that the Magistrate Judge improperly applied a heightened pleading standard. (*Id.* at 3-5). The Court disagrees with this assessment and finds that the Magistrate Judge correctly considered whether each of Plaintiff's claims passed the "nonfrivolous test." (*See* Doc. 12 at 10). Plaintiff specifically challenges the Magistrate Judge's finding that he failed to adequately plead a claim against Defendant Burchell for providing inadequate access to the law library. (Doc. 19 at 5-7). As the Magistrate Judge explained, "when bringing a denial of access to the courts claim, 'the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.'" (Doc. 12 at 9) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). The claim must be descriptive enough for the court to assess whether the underlying claims were non-frivolous. (*Id.*) (citing *Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999)). Plaintiff's amended complaint alleges that he was only given two and a half hours in the law library over a three-week period and that he "missed the January 17, 2019 deadline to Appeal the ability to obtain (doc. #113) in order to address the issue in his case on Appeal." (Doc. 11 at ¶¶ 3-4). The Court agrees with the Magistrate Judge that Plaintiff did not provide enough information about the underlying cause of action to allow the Court to assess whether it was non-frivolous.

3

Plaintiff relatedly objects to the Magistrate Judge's inference that his claim that someone withheld his mail related to Defendant Burchell. Because Plaintiff does not state who he believes withheld his mail and, in the subsequent paragraph, sets forth his allegations against Defendant Burchell, the Magistrate Judge was likely attempting to liberally construe Plaintiff's complaint by assuming the allegation related to Defendant Burchell. Regardless, this claim fails as Plaintiff merely alleges his mail was withheld without stating any basis for his claim. Assuming this allegation ties into Plaintiff's claim of lack of access to the courts, the claim fails for the same reason his claim against Defendant Burchell fails.

Next, Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to state a claim against Defendant Agee for allegedly interfering with the grievance process. However, there is no constitutionally protected right to an effective prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Although in his objections, Plaintiff states that Defendant Agee interfered with his grievance as an act of retaliation, Plaintiff does not make this allegation in his complaint. Accordingly, the objection is not well-taken.

Plaintiff's fourth objection concerns his claims against Defendants Jackson, Kraft, Lunecke, Crosby, Ewen, Vance, Allen, Tabler, unknown R.I.B. Secretary, or the "legal services" defendants for their participation in the alleged retaliation by Defendant Little. (Doc. 19 at 10-11). Plaintiff disagrees with the Magistrate Judge's finding that these claims fail under the theory of respondeat superior and asserts that he pled these claims

under a theory of "knowledge and acquiescence," not under respondeat superior. Yet, the Magistrate Judge considered the viability of these claims under a respondeat superior theory in the alternative, first finding that "prison officials whose only roles involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. (Doc. 12 at 7) (citing *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999)). The Court agrees with the Magistrate Judge's analysis with respect to these Defendants.

Finally, Plaintiff objects to the fact that the Magistrate Judge did not address his argument that the Court should exercise pendant jurisdiction over his state-law claims. (Doc. 19 at 14-15). Plaintiff references violations of the state constitution at various points in his amended complaint. For example, Plaintiff alleges that Defendant Agee's failure to provide access to the grievance procedure violated both the federal and state constitutions. (Doc. 11 at ¶ 6). In addition, the amended complaint states that Defendant Ewen violated ODRC policy and Ohio Administrative Laws, *constituting a state and federal constitutional deprivation*. (*Id.* at ¶ 18). Further, Plaintiff appears to challenge his disciplinary hearing, which he claims was conducted in violation of the federal and state constitutions, as well as "state laws and procedures." (*Id.* at 47). At the end of his complaint, Plaintiff states generally that the Defendants "in acquiescence" to the First Amendment violation, violated Plaintiff's "protected liberty interest" in violation ODRC statutes, the Fourteenth Amendment Due Process Clause, as well as "state laws," "constitutions," and "policies and procedures." (*Id.* at 53).

5

Liberally construed, Plaintiff's complaint alleges due process violations based on both the federal and state constitutions. However, to the extent Plaintiff alleges due process violations based on the Ohio Constitution, those claims fail for the same reasons his due process claims based on the United States Constitution fail. *See Woods v. Miamisburg City Sch.*, 254 F. Supp. 2d 868, 877 (S.D. Ohio 2003) ("The Ohio Supreme Court has repeatedly recognized that the equal protection provisions of the Ohio Constitution and the United States Constitution are equivalent."). In addition, to the extent Plaintiff refers to state law and policy violations as bases for his federal § 1983 claims, the claims fail for the reason stated by the Magistrate Judge: § 1983 claims can only be brought for violations of the United States Constitution or federal law. *See Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007) (stating that § 1983 is "limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law"). Finally, Plaintiff's general references to violations of state "policies and procedures" do not amount to sufficiently pleaded, independent causes of action.

III.   Conclusion

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Having reviewed Plaintiff's objections (Docs. 10, 19), the Court does determine that the first Report and Recommendation (Doc. 7) should be and is hereby **ADOPTED** to the extent that it recommends denial of Plaintiff's motion for

preliminary injunction (Doc. 2). Furthermore, the second Report and Recommendation (Doc. 12) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) Plaintiff's motion for preliminary injunction (Doc. 2) is **DENIED**;

2) All claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) with the exception of Plaintiff's First Amendment retaliation claim against Defendant Little, which may proceed;

3) The Court certifies that, pursuant to 28 U.S.C. § 1915(e)(2)(B), an appeal of this Order would not be taken in good faith, and therefore, Plaintiff is denied leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Date: 12/3/19

Timothy S. Black
United States District Judge