# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. MCCAIN, SR., | : | Case No. 1:19-cv-234 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| WARDEN JACKSON, ET AL., | : | |
| Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 46)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on October 15, 2020, submitted a Report and Recommendation (Doc. 46) on Defendant Little's[1] motion for summary judgment (Doc. 36). Plaintiff Michael McCain, Sr. filed objections to the Report and Recommendation on November 19, 2020. (Doc. 48).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all the filings in this matter. Upon consideration of the foregoing and careful review of Plaintiff's objections, the Court finds that the Report and Recommendation (Doc. 46) should be and is hereby adopted in its entirety.

---

[1] Defendant Little is the sole remaining defendant in this case.

Plaintiff's first objection is not well-taken. (Doc. 48 at 3). Plaintiff argues that the Magistrate Judge incorrectly considered "irrelevant evidence" of other inmates refusing to leave the dining hall on the same day and around the same time of his allegedly protected speech. The Magistrate Judge considered this evidence when determining Plaintiff could not establish a causal connection between any alleged protected activity and the adverse action pursuant to the elements of a First Amendment retaliation claim. *See Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018). The Magistrate Judge concluded that there was no causal connection because Defendant Little would have taken the same action in the absence of any alleged protected activity. (Doc. 46 at 8–10). This conclusion was not in error given the volatile and tense environment in the prison that day, as well as the statements made by Plaintiff.[2]

Plaintiff's second objection is not well-taken. (Doc. 48 at 5). Plaintiff argues the Magistrate Judge erred when finding his speech was not protected because the Magistrate Judge failed to consider all the evidence and evidence in Plaintiff's favor. This is simply not true. The Magistrate Judge correctly "accept[ed] Plaintiff's version of events" and determined "Plaintiff still was not engaged in protected activity." (Doc. 46 at 7). Plaintiff also does not cite any law to support his proposition, or persuade this Court, that he engaged in First Amendment protected activity or that the Magistrate Judge's legal conclusion was incorrect.

---

[2] *Even if* the Court were to sustain Plaintiff's objection, which the Court is not, sustaining the objection would not change the outcome granting summary judgment in favor of Defendant Little. The Magistrate Judge's finding on causation is second to the Magistrate Judge's finding on protected activity. (Doc. 46 at 10).

Plaintiff's third objection (labeled as "Fourth Objection") is not well-taken. (Doc. 48 at 3). Plaintiff argues the Magistrate Judge incorrectly omitted any evidence or facts that the prison violated procedural policies and that his due process rights were violated. This Court has already considered Plaintiff's due process/policies and procedures claims, adopting the Magistrate Judge's Report and Recommendation finding these claims insufficiently pled. (Doc. 24 at 6).

Plaintiff's final objection is not well-taken. (Doc. 48 at 13). Plaintiff objects to the Magistrate Judge's conclusion that there are no issues of law or facts to be decided. Plaintiff generally repeats his same arguments related to the facts as described and considered by the Magistrate Judge. This Court need not revisit Plaintiff's objections already overruled.

Accordingly, for the reasons stated above:

1. The Report and Recommendation (Doc. 46) is hereby **ADOPTED**;

2. Plaintiff's objections (Doc. 48) are hereby **OVERRULED**;

3. Defendant Little's motion for summary judgment (Doc. 36) is **GRANTED** and this case is **DISMISSED;** and,

4. The Clerk shall enter judgement accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:   2/16/2021                                      *s/Timothy S. Black*
                                                       Timothy S. Black
                                                       United States District Judge